```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          1:12-cv-07143-AJN
-----------------------------------------------------------X
MAURICE CULP,
                              Plaintiff,        COMPLAINT

       -against-
                                                JURY TRIAL DEMANDED
NEW YORK CITY,
POLICE OFFICER AMANDEEP KAUR
and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, sued herein in
their capacities as individuals.

                              Defendant(s).
-----------------------------------------------------------X
```

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1).

5    This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6    The plaintiff, MAURICE CULP, is an adult African male resident of New York County in the City and State of New York.

7    Defendant POLICE OFFICER AMANDEEP KAUR is employed by the New York City Police Department and he is liable for directly participating in the acts described herein and he is sued herein in his individual capacity.

8    Defendants Unidentified New York City Police Officers are liable for directly participating in the acts described herein and are sued in their individual capacities.

9       Upon information and belief, at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      Upon information and belief, at all times hereinafter mentioned, the defendant, NEW YORK CITY, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

12      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

13      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

14      On July 22, 2010 in front of 550 West 125th Street in Manhattan New York at approximately 10 pm, plaintiff was arrested, by the defendants, and falsely charged with resisting arrest, assault in the 3rd degree, criminal possession of Marijuana in the 5th degree and disorderly conduct.

15      At the above stated time and place, two defendant officers, one male and one female, approached the plaintiff, and with no legal justification asked the plaintiff to present his identification (ID).

16      Defendants then pulled the plaintiff from the bench on which he was seated, at which point the plaintiff stated that he had his ID.

17      Defendants threw plaintiff onto the hard floor.

18      The female defendant dug her knee into the plaintiff's head which was now in the dirt and told plaintiff to "shut up."

19      Defendants cuffed the plaintiff on both his wrists and ankles.

20      The defendants then told the plaintiff to stand up, and when plaintiff couldn't, defendants lifted plaintiff from his arms and legs and carried him.

21      Plaintiff fainted and woke up when he was dropped on the floor by the defendants.

22      During the course of making said arrest, defendants kicked and hit plaintiff while he was on the floor, then lifted him again.

23      Defendants stripped plaintiff of his pants while he was handcuffed and before he was placed into the Police Cruiser.

24      While in defendants custody, plaintiff was taken to Harlem Hospital Center on July 23, 2010 at approximately 12: 47 am for treatment of his injuries, which were inflicted by the defendants.

25      As a direct result of defendants' actions, plaintiff was cut and bruised, he suffered from pain and bruising on his right foot, he suffered from a minor blunt head trauma,

**AS AND FOR A CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

26      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

27      Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously assaulted him both before and after he was handcuffed.

28      The excessive force which the plaintiff was subjected to, was effected by defendants

without authority of law and without any reasonable necessity to use any force, much less the excessive and unreasonable force they employed especially while the plaintiff was already in handcuffs and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

29	The defendants who witnessed the use of excessive force and failed to exercise their affirmative duty to intervene, when they had a reasonable opportunity to do so, are liable to the plaintiff along with those officers who directly participated in the use of excessive and unreasonable force.

30	At no time did any of the individual defendants intervene to prevent or end the misconduct to which the plaintiff was subjected.

31	As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

32	By reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring plaintiff to receive medical treatment, hospitalizations, he was cut and bruised, he suffered from pain and bruising on his right foot, he suffered from a minor blunt head trauma, he was subjected to other physical pain, humiliation, embarrassment, anxiety, he was and is still is being subjected to various ongoing physical and emotional harms, he has incurred medical bills, he faces future medical care and expenses for said care and plaintiff was otherwise harmed.

33	By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum to be determined at trial, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages in a sum to be determined at trial, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1988, together with costs and disbursements of this action; a trial by jury

of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: September 20, 2012
      New York, New York

                                     / s /
                            Fred Lichtmacher (FL-5341)
                            The Law Office of Fred Lichtmacher, P.C.
                            FRED LICHTMACHER (FL-5341)
                            Attorney for Plaintiff
                            The Empire State Building
                            350 5th Avenue Suite 7116
                            New York, New York 10118
                            (212) 922-9066

To:    Michael Cardozo
         Corporation Counsel City of New York
         100 Church Street
         New York, New York 10007