UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MAURICE CULP,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, AMANDEEP
KAUR, JOSE FRIAS, and JOHN DOE 1-4, the
names currently being unknown and fictitious,
employees of the New York City Police
Department,

                     Defendants.

-------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**
12 CV 7143 (AJN)(FM)

Jury Trial Demanded

        MAURICE CULP, by his attorney, The Law Office of Fred Lichtmacher, P.C., alleges the

following upon information and belief as his First Amended Complaint:

<u>Nature of the Action</u>

        1.     This civil rights action arises from defendants' July 22, 2010 unlawful arrest and

use of force on Maurice Culp.  Plaintiff seeks compensatory and punitive damages for violation

of his civil rights under 42 U.S.C. §1983.

<u>Jurisdiction and Venue</u>

        2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This

Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

        3.     Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of

New York because defendant City of New York resides in that judicial District.

## Parties

4.      Plaintiff MAURICE CULP is a citizen of the United States of America residing in the State and City of New York, County of New York.  Mr. Culp is an adult African American male.

5.      Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit and was responsible for the policies, practices and customs of the City of New York's Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

6.      Defendants AMANDEEP KAUR and JOHN DOE 1-4 were at all times relevant duly appointed and acting police officers acting within the scope of their employment by defendant City of New York and assigned, upon information and belief, to the Housing Bureau's Police Service Area 6 in New York, New York.

7.      Defendants JOSE FRIAS was at all times relevant duly a appointed and acting Sergeant acting within the scope of his employment by defendant City of New York's Police Department and assigned, upon information and belief, to the Housing Bureau's Police Service Area 6 in New York, New York.

8.      At all times relevant, Defendants KAUR, DOES 1-4 , and FRIAS (collectively, the "individual defendants") were acting under color of state law.

-2-

9.      The individual defendants are liable either for directly participating in the acts described herein or for failing to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Culp was subjected despite having a reasonable opportunity to do so. Defendant FRIAS also failed to properly supervise his subordinates. They are sued in their individual capacity.

Facts Underlying
Plaintiff's Claims for Relief

10.     On July 22, 2010 in front of 550 West 125th Street in Manhattan at approximately 10:00 p.m., the individual defendants arrested plaintiff and caused him to be falsely charged with Resisting Arrest, Assault in the 3rd Degree, Criminal Possession of Marijuana in the 5th Degree, and Disorderly Conduct.

11.     At the above stated time and place, Defendant Kaur and one of the other individual defendants approached Mr. Culp, and with no legal justification directed that plaintiff present his identification.

12.     These two individual defendants then pulled Ms. Culp from the bench on which he was seated, at which point the plaintiff stated that he had his identification.

13.     These two defendants threw plaintiff onto the hard ground.

14.     Defendant Kaur dug her knee into the plaintiff's head which was now in the dirt and  told plaintiff to "shut up."

15.     These two defendants cuffed the plaintiff on both his wrists and ankles.

16.     These defendants then told Mr. Culp to stand up, and when plaintiff could not, these two individual defendants lifted plaintiff from his arms and legs and carried him.

-3-

17.    Plaintiff lost consciousness and woke up when he was dropped to the floor by the defendants.

18.    During the course of making said arrest, individual defendants kicked and hit plaintiff while he was on the floor, then lifted him again.

19.    Defendants Kaur and another individual defendant stripped plaintiff of his pants while he was handcuffed and before he was placed into a Police vehicle.

20.    Plaintiff was taken to Harlem Hospital Center on July 23, 2010 at approximately 12: 47 a.m. for treatment of injuries inflicted on him by the individual defendants.

21.    One or more of the individual defendants and other New York City Police personnel conferred and decided to charge Mr. Culp with felony assault on a police officer (Penal Law 120.05[3]), obstruction of governmental administration (Penal Law 195.05), resisting arrest (Penal Law 205.3), marijuana possess and disorderly conduct.

22.    One or more of the individual defendants thereafter provided false sworn statements in support of the prosecution, and plaintiff was prosecuted under New York County Criminal Court Docket No. 2010NY054843 on the false charges of assault in the third degree (Penal Law 120.00[1]), resisting arrest (Penal Law 205.30), marijuana possession (Penal Law 221.1[1]) , and disorderly conduct (Penal Law 240.20[1]).

23.    Plaintiff was, under threat of issuance of an arrest warrant and of arrest, required to repeatedly appear to defend against the baseless charges until, on May 5, 2011, the prosecution against him was dismissed on speed trial grounds and sealed.

24.    As a direct result of the defendants' actions, Mr. Culp suffered physical injury, emotional upset and trauma, fear, humiliation, loss of liberty, and violation of his constitutional

rights, among other injuries. He needed medical treatment and hospitalization, was cut and

bruised, suffered from pain and bruising to his right foot, suffered blunt head trauma, was

subjected to other physical pain, was and is still is being subjected to various ongoing physical

and emotional harms, has incurred medical expenses, and faces future medical care and

expenses.

25.     The individual defendants, despite having a reasonable opportunity to do so, took

no action to prevent, end, or truthfully report the unlawful use of force on Mr. Culp.

26.     The individual defendants acted intentionally, willfully, maliciously, negligently,

and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and

mental well-being.

### FIRST CLAIM FOR RELIEF FOR
### VIOLATING PLAINTIFF'S RIGHTS TO BE FREE OF
### EXCESSIVE AND UNREASONABLE FORCE UNDER THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE TO THE UNITED STATE CONSTITUTION

27.     Plaintiff repeats the allegations of paragraphs 1-26 above as though fully stated

herein.

28.     By the actions described above, the individual defendants deprived plaintiff of

rights secured by the Constitution and laws of the United States, including, but not limited to, his

right to be free from excessive and unreasonable force.

29.     As a consequence thereof Maurice Culp has been injured.

### SECOND CLAIM FOR RELIEF FOR
### VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
### UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

30.     Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

31.    By  the actions described above, Maurice Culp was deprived of rights secured by the Constitution and laws of the United States, including, but not limited to, his rights to be free and secure in his person and to be free from arrest or search, except on probable cause or pursuant to a warrant.

32.    As a consequence thereof, Maurice Culp has been injured.

### THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

33.    Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

34.    The individual defendants without probable cause and with actual malice, caused or allowed to be caused the commencement of a criminal proceeding against Mr. Culp.

35.    Mr. Culp suffered a deprivation of liberty resulting from government seizure in the form of legal process, including being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

36.    As a consequence thereof, Maurice Culp has been injured.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT FRIAS FOR SUPERVISORY LIABILITY

37.    Plaintiff repeats the allegations of paragraphs 1-26 above as though fully stated herein.

38.    Defendant Frias held the rank of Sergeant and had direct supervisory responsibility for the conduct of the other individual defendants.  Not only did defendant Frias participate in the use of force, he failed properly to supervise his subordinates or to otherwise

take action to remedy the wrongs done to plaintiff in violation of 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

39.    As a consequence thereof, Maurice Culp has been injured.

## Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)    that Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

(E)    An award to plaintiff of the costs and disbursements herein;

(F)    An award of attorney's fees under 42 U.S.C. §1988; and

(G)    Such other and further relief as this Court may deem just and proper.

Dated: February 13, 2013
New York, New York

The Law Office of Fred Lichtmacher, PC
*Attorney for Plaintiff*
The Empire State Building
350 Fifth Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

By: Fred Lichtmacher